Fransiska LIE, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73603, A78–657–194.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Hillel R. Smith, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Fransiska Lie, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' decision, which summarily affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we review for substantial evidence. *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir. 2004). We deny the petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence supports the IJ's finding that the harm that Lie suffered did not rise to the level of past persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995); *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). On the record before us, Lie failed to establish that ethnic Chinese in Indonesia were subject to the systematic government-sanctioned mistreatment that is required to demonstrate a "pattern or practice" of persecution. *See Kotasz v. INS*, 31 F.3d 847, 852–53 (9th Cir.1994); 8 C.F.R. § 208.13(b)(2)(iii)(A).

Because Lie did not establish eligibility for asylum, she necessarily fails to meet the requirements for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Substantial evidence supports the IJ's denial of Lie's CAT claim. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Lie's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.